IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS F. FLORES, | : | Civil No. 1:22-CV-00896 |
| Petitioner, | : | |
| v. | : | |
| H. QUAY, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

On June 7, 2022, Petitioner Jesus F. Flores ("Petitioner"), a prisoner confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI-Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241. (Doc. 1.)  Petitioner seeks an order directing the Bureau of Prisons ("BOP") to recalculate his 10-month sentence from 306 days to 300 days.  For the reasons discussed below, the court will deny the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 10-month sentence imposed by the United States District Court for the Northern District of New York for a supervised release violation.  (Docs. 1-1, p. 1, 10-2, p. 11.)  Petitioner's sentence was imposed on March 4, 2022.  (*Id.*)

Prior to supervised release being revoked, Petitioner had accrued time credit from periods of incarceration from October 18, 2021 to October 19, 2021, on

1

November 18, 2021, and from December 28, 2021 to March 3, 2022.  (Docs. 1-1, p.2; 10-2, p. 21.)  This is a total of 69 days of time credit.  (Doc. 1-1, p. 2–3; 10-2, p. 21.)

In his § 2241 petition, Petitioner asserts that 10 months is 300 days, and not the 306 days calculated by the BOP.  (Docs. 1, 1-1.)  Petitioner admits that he has not exhausted his administrative remedies and argues that exhaustion is not required because it would be futile.  (Doc. 1, p. 2.)  Respondent asserts that Petitioner's § 2241 petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner's sentence has been properly calculated.  (Doc. 10.)  Additionally, Respondent highlights that Petitioner failed to name the proper Respondent in the case.  (*Id.*)

### DISCUSSION

For the reasons discussed below, the court agrees with Respondent and finds that Petitioner's § 2241 petition must be denied for his failure to exhaust administrative remedies and because the BOP calculated his sentence according to the judgement issued by the United States District Court for the Northern District of New York.

**A. Exhaustion of Administrative Remedies**

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a

petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. §

542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  *See id*.

Petitioner concedes that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Docs. 1, p. 2; 11, p. 2–3.)  The record before the court indicates that Petitioner filed two administrative remedies concerning his sentence computation: Administrative Remedy No. 1124008-F1 and Administrative Remedy No. 1124008-F2.  (Doc. 10-1, p. 19–20).  Both of these were filed after the Petitioner commenced the instant action before the court. (*Id*.)  Administrative Remedy No. 1124008-F1 was denied because he did not attempt an informal resolution prior to the submission of the administrative remedy or did not provide the necessary evidence of his attempt at informal resolution.  (Doc. 10-1, p. 19.)  Administrative Remedy No. 1124008-F2 is currently pending.  (Doc. 10-1, p. 20.)

Petitioner argues that exhaustion should be excused because it is futile since the time it would take to exhaust the administrative remedies would exceed the length of his sentence. (Docs. 1, p. 2; 11, p. 2–3.) He asserts that by the time he consulted with his case manager, he only had 130 days until his release, which he asserts was insufficient to exhaust his administrative remedies. (Doc. 11, p. 3.) According to the BOP multi-step administrative remedy program set forth above, an inmate could theoretically exhaust his administrative remedies in less than 130 days. The court acknowledges that delays can occur during the administrative process and that Petitioner alleges he went a period without access to the law library. (Doc. 11, p. 2.) However, Petitioner elected to file two administrative Rremedies on the issue raised in the instant petition. This is inconsistent with his assertion that the administrative process was futile. Furthermore, Petitioner's attempt to simultaneously pursue litigation before this court and an administrative remedy with the BOP demonstrates one of the reasons for requiring exhaustion as set forth in *Moscato*.

Thus, Petitioner's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. Nevertheless, the court will address the merits of his petition below.

**B. Sentence Computation**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987.  18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329 (1992).  The Attorney General has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992).  *See United States v. Brann*, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Petitioner asserts that a sentence of 10 months should be calculated based on a 30-day month and his sentence is for a total of 300 days.  (Docs. 1, 11.)

6

However, as Respondent has argued, the BOP has no authority to change or modify a court's order and judgment. (Doc. 10, p. 9.) "A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed." 18 U.S.C. § 3621(a). The judgment entered by the United States District Court for the Northern District of New York is for ten months. (Doc. 10-2, p. 11.) Ten months from March 4, 2022 is January 4, 2022. This is a total of 306 days. After receiving credit for the 69 days of time credit, Petitioner's total sentence is 237 days, which correlates with a release date of October 26, 2022. Therefore, the BOP sentence computation is correct.

The court notes that Respondent also addressed the computation of the "jail credit" days. (Doc. 10.) However, Petitioner did not raise this challenge in his petition. (Doc. 1.) Therefore, the court will not address it further.

**C.   Proper Respondent**

Respondent asserts that Petitioner has named the incorrect respondent in this case and the proper respondent is B. Rickard, the acting warden to USP-Allenwood. (Doc. 10, p. 1, n. 1.) Petitioner asserts this error occurred because he was received by H. Quay when he arrived at USP-Allenwood and was placed in a special housing unit. (Doc. 11, p.1.) In this special housing unit, he alleges he was

not aware of B. Ricard taking over the position as acting Warden of USP-Allenwood.  (*Id.*, p. 2.)

The Third Circuit has recently confirmed that the general rule in a § 2241 petition is that the Petitioner "should name his warden as respondent and file the petition in the district of confinement." *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 444 (3d Cir. 2021) *citing Rumsfeld v. Padilla*, 542 U.S. 426 (2004).  Therefore, in addition to failing to exhaust his administrative remedies and his petition failing on its merits, Petitioner has failed to name the correct respondent in the instant action.

## CONCLUSION

For the foregoing reasons, the court will deny Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  An appropriate order will follow.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: August 11, 2022.